# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12-1050 |
| v. ) | Judge Cathy Bissoon |
| ) | Magistrate Judge Mitchell |
| MARY SUZANNE RAMSDEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| JEAN COULTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12-1241 |
| v. ) | Judge Cathy Bissoon |
| ) | Magistrate Judge Mitchell |
| JAMES E. MAHOOD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Currently before this Court is a variety of issues in Plaintiff's numerous civil rights cases. First, this Court will address Plaintiff's "Praecipe" to Waive Oral Argument at the show cause hearing scheduled for December 17, 2012, before the undersigned. Insofar as Plaintiff wishes to rest on her written responses as a basis for not issuing sanctions against her, she is entitled to do so. However, she is not entitled to "waive" this Court's multiple orders that she appear and explain her behavior in person. Indeed, it is apparent from Plaintiff's actions over recent days that she was aware, absent a court order to the contrary, that she was required to attend the December 17, 2012 hearing. See, e.g., (Docs. 46-49) Coulter v. Mahood, No. 12-60 (W.D. Pa. filed Jan. 17, 2012); see also (Docs. 1-2) In re Jean Coulter, No. 12-4512 (3d Cir. filed Dec. 14, 2012). Moreover, the docket reflects that the undersigned's chambers left voicemail messages at

Plaintiff's telephone number of record, in which it was conveyed to her that her attendance at the hearing was expected despite her recent filings. It is clear, given Plaintiff's subsequent conduct, that she received these messages. Her "praecipe," which was received by this Court late in the afternoon merely one business day prior to the hearing, and was not docketed until the morning of December 17, 2012, did nothing to change the Court's clearly-conveyed requirement that she be present for the hearing. Instead, Plaintiff's recent acts and omissions – including her failure to appear at the above-mentioned show cause hearing – merely underscore her lack of respect for this Court and the serious nature of the litigation in which she has chosen to engage.[1] Accordingly, her "praecipe," to the extent that she seeks permission not to attend the hearing, will be denied.

Next, this Court will address the show cause orders in Civil Action numbers 12-1050 and 12-1241, relying only on Plaintiff's written responses thereto, as well as her written response to the order to show cause in 12-60.[2] At the outset, it is clear from Plaintiffs' filings that 12-1050 and 12-1241 are duplicative of other cases that have been filed by Plaintiff in this Court. Specifically, 12-1050 appears to be a combination of <u>Coulter v. Ramsden</u>, No. 12-978 (in which she sued Defendants Ramsden, Anderson, their law firm, McCurdy and Doerr, concerning the attorneys' handling of certain matters during her termination of parental rights proceeding), and

---

[1] The undersigned concluded at the hearing that the imposition of a contempt order against Plaintiff for her failure to appear on December 17, 2012, would be justified; however, as a practical matter, such an order would be of little benefit at this time. Be that as it may, this Court will consider motions for costs and fees from the parties that did appear at the hearing. Such motions, if any, shall be filed no later than December 28, 2012.

[2] As this Court has observed in the past, the order to show cause in Civil Action 12-60, over which this Court, for the moment, lacks jurisdiction, is identical in substance to the supplemental show cause orders issued in 12-1050 and 12-1241. Nothing in this order should be construed as disposing of the order to show cause in 12-60.

2

Coulter v. Butler County Children and Youth Services, No. 12-338 (in which she sued Defendants Butler County CYS, McCurdy and others regarding the delay in providing a document to her concerning her daughter's emergency mental health care treatment). The only difference is that she has added Defendants Smith and Lope, two individuals appointed by Defendant Doerr to represent the daughter's interests.

In her response, Plaintiff argues that 12-1050 is different because it concerns a separate injury, involving different Defendants, at a later date (two weeks after the previously claimed injuries). Nevertheless, the gravamen of each complaint is the same: Plaintiff is suing her former attorneys for some alleged failure on their part during the proceedings that ultimately resulted in the termination of her parental rights over her daughter, and she is suing Defendant CYS and its employees for failing to produce a report about her daughter's emergency health care treatment in a timely manner. This Court already has concluded that the public record establishes that the proceedings as a whole did not deny her due process and that her attempts to challenge tiny pieces of the proceedings (a document allegedly not produced to her, an attorney allegedly not prepared to cross-examine a particular witness) do not convert what are essentially state law claims of legal malpractice into federal civil rights violations.

Similarly, Civil Action 12-1241 appears to be a combination of Coulter v. Allegheny County Bar Association, No. 12-641 (in which she sued Defendants Mahood and his law firm, the ACBA and its Special Fee Determination Committee regarding a fee dispute) and 12-1050. The only distinction is that she has added Brian McKinley, another lawyer at the law firm of Wilder & Mahood. Plaintiff argues in response that 12-1241 is different because it concerns a separate injury, involving different Defendants, at a later date (two years after the previously claimed injuries). Nevertheless, the gravamen of each complaint is the same: she is suing her

3

former attorneys for some alleged failure on their part during the proceedings that ultimately resulted in the termination of her parental rights over her daughter. As in 12-1050, Plaintiff's allegations in 12-1241 do not convert what are essentially state law claims of legal malpractice into federal civil rights violations.

Accordingly, Plaintiff's duplicative complaints at 12-1050 and 12-1241 will be dismissed, as they are frivolous, malicious and ultimately fail to state a claim on which relief may be granted. See Parratt v. Taylor, 451 U.S. 527, 535 (1981) (alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and, the defendant's conduct also must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Cf. McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997) (holding, in the prisoner litigation context, that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious").

Finally, this Court addresses the aggregate effect of the eight malicious, duplicative and meritless civil actions that Plaintiff has filed since September of 2011. All of these cases appear connected with state court proceedings involving Plaintiff's criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights. Compare Civ. A. Nos. 11-1201, 12-60, 12-338, 12-641, 12-978, 12-1050, and 12-1241, and 12-1461. Plaintiff appealed from the dismissal of 11-1201 on March 26, 2012. The dismissal of that case was affirmed summarily on May 30, 2012. See Coulter v. Doerr, No. 12-1864, 2012 WL 1941594 (3d Cir. May 30, 2012). Chief United States District Judge Gary L. Lancaster dismissed 12-641 for lack of jurisdiction on June 17, 2012, and that decision also has been affirmed by the Court of Appeals. See Coulter v. Allegheny Cnty. Bar Assoc., No. 12-2988, 2012 WL 4015082 (3d Cir.

4

Sept. 13, 2012). This Court dismissed 12-978 for lack of subject matter jurisdiction on August 21, 2012, and notice of appeal from that decision was filed on September 19, 2012. See Coulter v. Ramsden, No. 12-3685 (3d Cir. filed Sep 19, 2012). 12-338 was dismissed on September 13, 2012, and Plaintiff filed notice of appeal on October 9, 2012. See Coulter v. Butler Cnty. Children and Youth Servs., No. 12-3931 (3d Cir. filed Oct. 17, 2012). 12-60 was dismissed on October 12, 2012 and, after disposition of her frivolous motion for reconsideration, Plaintiff filed notice of appeal on December 7, 2012. See Coulter v. Studeny, No. 12-4464 (3d Cir. filed Dec. 11, 2012).

Plaintiff has been warned on multiple occasions that her use of vitriolic language, filing of meritless, duplicative motions, and initiation of frivolous, duplicative lawsuits, would not be tolerated. See, e.g., (Doc. 6 at 3 n.4), Ramsden, No. 12-978 (W.D. Pa. Aug. 21, 2012); (Doc. 38 at 5) Butler Cnty. Children and Youth Servs., No. 12-338 (W.D. Pa. Sep. 13, 2012). Rather than heeding these warnings, Plaintiff has chosen instead to persist in harassing and vexatious filings, and provides no indication whatsoever that she intends to cease.[3] Her written responses to the show cause orders – on which this Court is forced to rely – do nothing to mitigate the abusive nature of Plaintiff's many meritless, duplicative filings. Accordingly, this Court designates

---

[3] To the contrary, Plaintiff threatens as much in her objections to the magistrate judge's initial report and recommendation in 12-978, in which she describes herself as "stubbornly intent on continuing to respond to the abuses of the 'Justice System' in an unwavering attempt at assuring that such abuses will not be perpetuated, so that her daughter will also be at risk of crimes by this same so-called American System of Justice." (Doc. 3 at 5), Ramsden No. 12-978. This threat, combined with her unacceptable behavior throughout the course of her multiple civil cases, and the fact that Plaintiff's alleged "abuse" at the hands of the "so-called American System of Justice" began with her state court conviction for the aggravated assault of this very same daughter, demonstrates Plaintiff's unreasonable conduct. See, e.g., Coulter v. Corbett, No. 10-965, 2011 WL 5878047, at *1-*2 (W.D. Pa. Oct. 11, 2011) (briefly reciting Plaintiff's crime). As such, it is clear that sanctions lesser than those imposed in the order would be ineffective to deter Plaintiff's continued abuse of the courts.

5

Plaintiff as a vexatious litigant, and enters the following, narrowly-tailored order to curtail her vexatious filings. See Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); see also Fessler v. Sauer, 455 F. App'x 220, 224–25 (3d Cir. 2011).

AND NOW, this 18th day of December, 2012,

IT IS HEREBY ORDERED that Plaintiff's "Praecipe" to Waive Oral Argument is DENIED, as stated above.

IT IS FURTHER ORDERED that counsel appearing at the December 17, 2012, hearing shall submit motions for costs and fees, along with supporting documentation, on or before **December 28, 2012**, if appropriate. Plaintiff shall file her responses thereto on or before **January 9, 2013**.

IT IS FURTHER ORDERED that Coulter v. Ramsden, No. 12-1050, is DISMISSED, with PREJUDICE, as duplicative.

IT IS FURTHER ORDERED that Coulter v. Mahood, No. 12-1241, is DISMISSED, with PREJUDICE, as duplicative.

IT IS FURTHER ORDERED that Plaintiff is designated a vexatious litigant, and is prohibited from filing any additional civil actions related to or arising from the state court proceedings involving her criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights. Given Plaintiff's history of ignoring the orders of this Court, the following procedure shall be implemented by the Clerk's Office with respect to any documents filed by Plaintiff in the future:

(1) The Clerk's Office shall file any documents submitted by Plaintiff in due course. Plaintiff shall remain responsible for any applicable filing fees.

(2) Plaintiff's filings shall then be submitted to the undersigned for screening. This Court will strike any filings that are in violation of this order.

(3) Any filings that do not run afoul of this order, as determined by this Court, will be allowed to remain on the docket, and will be assigned in accordance with Clerk's Office procedures in the same manner as filings submitted by a litigant who is not subject to a vexatious litigant order.

IT IS FURTHER ORDERED that any violations of the above vexatious litigant order by Plaintiff **will result in the imposition of sanctions and a possible order holding Plaintiff in contempt of court**.

IT IS FURTHER ORDERED that, to the extent that any future filings by Plaintiff are appropriate, Plaintiff shall refrain from the use of abusive language. Consistent with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff also shall not file any motions that she knows to be without merit. Failure to comply with this order **will result in the imposition of sanctions and a possible order holding Plaintiff in contempt of court**.

IT IS FURTHER ORDERED that Plaintiff shall comply with any and all orders of this Court. Failure to do so **will result in the imposition of sanctions and a possible order holding Plaintiff in contempt of court**. In the event that any future order conflicts with the above vexatious litigant order, the later order will control.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**JEAN COULTER**
4000 Presidential Boulevard
Apartment #507
Philadelphia, PA 19131